## BELTON vs. BELTON.

1. The uncorroborated testimony of the complainant, as to the cause of divorce, is insufficient to warrant a decree *a vinculo*.

2. In a suit for divorce, on the ground of desertion, the master must report the facts and circumstances under which the desertion took place, and the reasons which caused or provoked it, if they can be ascertained.

3. The evidence in this case, *held* to indicate a separation, on the part of the complainant, from her husband, desired and sought by her, and no intention on his part to desert his wife.

THE CHANCELLOR.

The bill is filed for a divorce *a vinculo matrimonii*, on the ground of desertion. The proof of the alleged desertion depends entirely on the testimony of the complainant. She and the defendant were married in Brooklyn, on the 17th of October, 1871. Immediately after their marriage they went to Philadelphia on their wedding trip, and returned in about a week, to the house of the complainant's mother in Brooklyn. In about a week after their return, he was arrested on a charge of forgery or embezzlement, and perhaps of both. A day or two afterwards, he was released on bail, and returned in about a week after his release to his mother-in-law's house. He saw his wife there. He remained from half an hour to an hour, and then left the house. His wife says, in her testimony : " I did not see him during that time—(the time between his release and his return to her mother's house.) After that, he came back to the house and tried to vindicate himself, and excuse himself for deceiving me and bringing disgrace on me and my family ; I reproached him for doing so ; I had been engaged to him for about three years, and had considered him a perfectly honorable man ; he became very angry when I reproached him for his wrong, and left the house ; he has never returned ; I have never seen him but once since, but not to speak to him ; his clothing remained in our house for several weeks after he left ; I am under the impression it was sent for by him ; I have never heard from him since he left ; he has had no communication with me since he left ; I do not know where he is ; I have received no support from him since my marriage. When my husband went away, he did not inform me where he was going to, or what he was going to do ; he did not leave me any means of support ; since that time I have been supported by my mother and brother ; at the time he came back to our house in Brooklyn, after his arrest, and I reproached him for his deceit, I did not refuse to live with him, neither did I tell him I would not live with him, but I did tell him that his conduct towards me was dishonorable ; I was greatly pained and mortified,

and gave expression pretty strongly to my feelings, at which he became angry, and left the house ; he did not ask to remain. and live with me ; he has never made any offer, or taken any steps to live with me ; he has never written to me." If this testimony established the alleged desertion, it would not, of itself alone, being the testimony of the complainant, be sufficient to warrant a decree of divorce. *Palmer* v. *Palmer,* 7 *C. E. Green* 88. But it does not establish it. It indicates, rather, a separation of the complainant from her husband on account of the disgrace which the charge made against him and his arrest had brought on her and her family ; a separation desired and sought by her. There is no evidence of the conversation between her and her husband on the occasion, except her own testimony, and she gives no part of it. She states nothing that he said which indicated an intention to desert her. That he has not contributed to her support, nor communicated with her since that time, is of little consequence, in view of the considerations above suggested. Besides, the statements of the bill are at variance with the complainant's testimony. The bill, after stating the defendant's return to his mother-in-law's house after his release, proceeds as follows : " After finding fault with your oratrix about several little matters, hardly worthy of mention," he " left the residence of your oratrix, in the city of Brooklyn aforesaid, and went away from your oratrix without informing her of his intention of so doing, or of his intended whereabouts." This account of the alleged desertion differs very materially from that given by the complainant in her testimony.

There is another objection to these proceedings. The master has not observed the direction of the 159th rule, which requires the master, in suits for divorce on the ground of desertion, to examine into and report the facts and circumstances under which the desertion took place, and the reasons which caused or provoked it; if they can be ascertained. The bill will be dismissed.